**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| _____ ) | |
| **ANGEL ROMAN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| v. ) | **NO.  21-40052-MRG** |
| ) | |
| **PHILIP LAHEY, JR., MD,** ) | |
| **WORCESTER COUNTY** ) | |
| **ORTHOPEDICS, LLP,** ) | |
| **JANE/JOHN DOE,** ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

## MEMORANDUM OF DECISION AND ORDER
## ON DEFENDANTS' MOTION TO DISMISS
### September 30, 2024

**GUZMAN, D.J.**

Plaintiff Angel Roman ("Plaintiff" or "Mr. Roman") brought this action against Philip

Lahey, Jr., MD, ("Dr. Lahey") and Worcester County Orthopedics ("Worcester County

Orthopedics") (collectively, "Defendants") alleging various claims of medical negligence.

Defendants now move to dismiss all claims pursuant to Fed. R. Civ. P. 12(b), for failure to lack

of prosecution and lack of expert support. For the following reasons, the motion to dismiss is

**granted**.

I.    Factual Background

Plaintiff, Angel Roman, ("Mr. Roman" or "Angel Roman") is an adult who lives in

Orlando, Florida. Defendant Philip Lahey, Jr M.D. is a physician licensed in the Commonwealth

of Massachusetts and practicing medicine as an orthopedic specialist at Worcester County

Orthopedics in Worcester, Massachusetts. Defendant Worcester County Orthopedics, LLP has a is located at 59 Quinsigamond Ave, in Worcester.

On May 22, 2018, Mr. Roman, after consulting with Dr. Lahey, underwent a left total knee replacement surgery performed by Dr. Lahey and assisted by Christopher Chow, PA at St. Vincent's Hospital in Worcester. Approximately two weeks post-operatively, Mr. Roman returned to Florida where he currently resides. Mr. Roman alleges that since the knee surgery, he has experienced worsening pain and decreased function in his left knee, which has led to overuse and stress of his right knee as well. Mr. Roman further alleges that in performing the total knee replacement, Dr. Lahey used the wrong sized hardware. Plaintiff did not treat with Dr. Lahey following the surgery.

In approximately January 2021, Mr. Roman consulted with Dr. Luis Garcia Fresneda in Kissimmee, Florida. Dr. Fresneda informed Mr. Roman that the pain and instability he was experiencing in his left knee was due to a limb length discrepancy where his left leg was shorter than his right because of the total knee replacement surgery in 2018 and referred him to an orthopedic specialist. The orthopedic specialist took imaging studies of Mr. Roman's left knee and again diagnosed him with a limb length discrepancy.

II.    Procedural Background

On May 21, 2021, plaintiff filed suit in this Court. On May 21, 2021, plaintiff filed suit in this Court. Because suit was filed within six months of the statute of limitations, plaintiff was not required to, and did not, serve a Notice of Claim letter pursuant to Massachusetts General Laws Chapter 231, Section 60L. On defendant's motion, the matter was removed to state court for the purposes on a medical malpractice tribunal. This matter was docketed in the Worcester Superior Court on September 16, 2021. Initially, plaintiff's Offer of Proof was due October 1, 2021. On

October 14, 2021, the plaintiff filed a stipulation of extension of time to file their Offer of Proof, extending the deadline to October 26, 2021. The extension was allowed on October 22, 2021. On November 1, 2021, the plaintiff filed a second stipulation of extension of time to file their Offer of Proof, extending the deadline again to November 9, 2021. Plaintiff ultimately declined to file or serve an Offer of Proof, instead opting to post the statutory bond. The matter was subsequently transferred back to this Court.

On February 21, 2023, following a scheduling conference with Judge Young and pursuant to his order, the parties filed a joint Scheduling Order which required the parties to complete discovery by May 29, 2023, and the Plaintiff to designate his expert(s) by June 26, 2023. Judge Young adopted the Scheduling Order the following day.

Plaintiff responded to written discovery on May 3, 2023, one day before his deposition and on May 4, 2023, Plaintiff was deposed. On June 2, 2023, after the close of discovery, Plaintiff noticed the deposition of Dr. Lahey. Counsel for Dr. Lahey objected that same day. On June 23, 2023, three days before his expert disclosures were due, Plaintiff filed his first emergency motion to extend time. Defendant did not object. The Court granted Plaintiff an extension of time to complete discovery to July 29, 2023, and an extension of time to disclose his expert(s) to August 26, 2023.

Plaintiff deposed Dr. Lahey on July 25, 2023. On August 25, 2023, the day before his expert disclosure was due, Plaintiff filed his second emergency motion to extend his time to disclose an expert. The defendant did not object. The Court granted Plaintiff an extension of time to disclose an expert to September 9, 2023. On September 8, 2023, the day before his expert disclosure was due, Plaintiff filed his third emergency motion to extend his time to disclose an expert, seeking an extension to September 29, 2023. Defendant opposed the motion, and a hearing

was scheduled for October 6, 2023. Prior to the hearing, on September 29, 2023, Plaintiff filed his fourth emergency motion for an extension of time.

At the hearing on October 6, 2023, the Court denied Plaintiff's third and fourth emergency motions for extension of time to disclose an expert, and noted plaintiff would be barred from disclosing an expert in this case. The Court noted Dr. Lahey's oppositions to the third and fourth emergency motions for extension of time, cross motion to dismiss, and ordered defendants to file a separate motion to dismiss, setting the matter for hearing on October 13, 2023. At that hearing, the Court ruled from the bench that Plaintiff is foreclosed from amending his Complaint to add a lack of informed consent claim and ruled that lack of informed consent was not plead in his Complaint. On June 11, 2024, the magistrate judge's session reported to the Court that "[f]urther efforts to settle this case at this time … are unlikely to be productive," and the case was returned to this Court.

III.   Standard of Review

In evaluating a Rule 12(b)(6) motion to dismiss, the Court must determine "whether, construing the well-pleaded facts of the complaint in the light most favorable to the plaintiff, the complaint states a claim for which relief can be granted." Cortés-Ramos v. Martin-Morales, 956 F.3d 36, 41 (1st Cir. 2020) (quoting Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 7 (1st Cir. 2011). The complaint must allege "a plausible entitlement to relief." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 559 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 679.

To show medical negligence, the "plaintiff must show (1) the existence of a doctor or nurse-patient relationship, (2) that the performance of the doctor or nurse did not conform to good medical practice, and (3) that damage resulted therefrom." St. Germain v. Pfeifer, 418 Mass. 511, 637 N.E.2d 848, 851 (1994). To establish the appropriate standard of care, a plaintiff typically must present expert testimony to that effect. Pagés–Ramírez v. Ramírez-González, 605 F.3d 109, 113 (1st Cir.2010) ("In order to determine the applicable standard of care in a medical malpractice action and to make a judgment on causation, a trier of fact will generally need the assistance of expert testimony.").

IV.     Discussion

This is an action asserting claims centering on medical malpractice. The complaint alleges that Dr. Lahey, an orthopedic surgeon, acted improperly and deviated from the standard of care in his medical treatment of the plaintiff, Angel Roman. To prevail on a claim of medical malpractice, a plaintiff must establish the applicable standard of care and demonstrate both that a defendant physician breached that standard, and that this breach caused the patient's harm." Palandjian v. Foster, 446 Mass. 100, 104 (2006). "A physician is held to the standard of care and skill of the average practitioner of the medical specialty in question, taking into account the advances in the profession." Mitchell v. U.S., 141 F.3d 8, 13 (1st Cir. 1998). "Generally, a plaintiff in a medical malpractice action may carry his or her burden of proof on the issues of negligence and causation only with the assistance of expert testimony." Id. (and cases cited). This is because questions about the appropriate standard of care and causation will often lie outside the realm of the average juror's knowledge, and the expert testimony will assist the jury. See Fed. R. Evid. 702 ("A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's

5

scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue.").

In this case, Plaintiff's medical malpractice claim requires expert testimony to proceed. Claims of medical negligence require expert testimony on behalf of the plaintiff in almost every instance in order to prevail. See Crowe v. Marchand, 506 F.3d 13, 17 (1st Cir. 2007). Proving whether his knee replacement surgery conformed to the medical standard of care would require expert testimony as to what the applicable standard of care is regarding knee replacement surgery and whether Dr. Lahey's actions fell below that standard. It is undisputed that Plaintiff has not disclosed an expert of any kind. Nor is this a situation "where the alleged malpractice is so gross or obvious that jurors can rely on their common knowledge and experience to recognize or infer negligence based on the facts presented." See Palandjian, 446 Mass. at 106, quoting Haggerty v. McCarthy, 344 Mass. 136, 139 (1962) (It is only in exceptional cases that a jury ... may without the aid of expert medical opinion determine whether the conduct of a physician toward a patient is violative of the special duty which the law imposes). Accordingly, because Plaintiff will be unable to prove the medical standard of care required for his claims, the claims must be dismissed.

V.      Conclusion

For the foregoing reasons, the motion for to dismiss is **<u>GRANTED</u>** as to all claims.


**SO ORDERED.**

Dated: September 30, 2024

<div style="margin-left:40%">
/s/ Margaret R. Guzman
Margaret R. Guzman
United States District Judge
</div>